UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO:

KOLMAT DO BRASIL, LDTA
a foreign corporation; and, GIAN PIERO
BERNERI, an individual,

      Plaintiffs,

EVERGREEN UNITED INVESTMENTS,
LLC, a Florida limited liability corporation;
GSA INCOME AND DEVELOPMENT
FUND, LP, a Florida limited partnership;
JEAN JOSEPH, an individual; GIORGIO
MARIANI; and ADMIRAL ADMINISTRATION
(US), LLC, a Delaware corporation.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, KOLMAC DO BRASIL, LDTA, and GIAN PIERO BERNERI, (hereinafter referred to as "Plaintiffs"), brings this action against EVERGREEN UNITED INVESTMENTS, LLC, GSA INCOME AND DEVELOPMENT FUND, LP, JEAN JOSEPH, GIORGIO MARIANI, and ADMIRAL ADMINISTRATION (US), LLC., for fraud for appropriating funds from Plaintiff under false pretenses and failing to return funds that belong to Plaintiffs after numerous requests, and following many promises by Defendants to return the funds.

## NATURE OF THE ACTION

1. This is an action brought under Rule 10b-5, promulgated pursuant to the Securities and Exchange Act of 1934 ("Exchange Act"). Plaintiffs seek damages and equitable relief pursuant to the Exchange Act for the fraudulent acts and misrepresentations made by Defendants in the sale of certain

securities and for Plaintiffs' reasonable reliance thereon, which caused Plaintiffs' harm.

2. This action charges that Defendants engaged in an unlawful and deceitful course of conduct to improperly financially advantage Defendants to the detriment of Plaintiffs. The facts alleged in this Complaint clearly establish that 1) Defendants intentionally made material misrepresentations; 2) these misrepresentations were made with knowledge of their falsity; 3) these misrepresentations were made with the intent to induce Plaintiffs to invest in Defendants' privately-held security; 4) Plaintiffs relied on Defendants' misrepresentations; 5) Plaintiffs have suffered financial loss and, 6) Plaintiffs have suffered the loss of their investment as a result of Defendant's fraudulent misrepresentations and scheme to defraud. *Ledford v. Peeples*, 568 F.3d 1258, 1289 (11th Cir. 2009).

## JURISDICTION AND REVIEW

3. The claims made herein arise under and pursuant the Securities and Exchange Act of 1933 (15 U.S.C. § 78j(b) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. 240.10b-5); and common law.

4. This Court has jurisdiction over the subject matter of this action pursuant to § 27 of the Exchange Act of 1934 (15 U.S.C. § 78aa.)

5. The acts charged herein, including the preparation and dissemination of materially false and misleading information, occurred in this District. Defendants conducted other substantial business within this District, and many of the Defendants reside within this District. At all relevant times,

Defendants Evergreen United Investments, LLC ("Evergreen") and GSA Income and Development, Fund, LP ("GSA") were headquartered in this District.

6. In connection with the acts alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, the mails, and interstate telephone communications.

7. This Court also has jurisdiction over this matter pursuant to 28 U.S.C. 1332, in that the action (1) involves more than $75,000.00 exclusive of costs and attorney's fees, and (2) involves parties residing in wholly different countries.

## THE PARTIES

8. Plaintiff Kolmat Do Brasil LTDA ("Kolmat") is a Brazilian corporation, with its principal place of business in Maceio, Alagoas, Brazil. Kolmat's principal business involves construction luxury resorts in Brazil and throughout Central America.

9. Plaintiff Gian Piero Berneri ("Berneri") is manager of Kolmat Do Brasil, LTDA, and is a citizen of Italy, residing in Maceio, Alagoas, Brazil.

10. Defendant Evergreen United Investments, LLC ("Evergreen") is a Florida limited liability corporation, with its principal place of business in Boca Raton, Florida. Evergreen is an unregistered Investment Fund, which invests in U.S. Government Bonds and commercial properties in Florida and other states.

11. Defendant GSA Income and Development Fund, LP (GSA) is a Florida limited partnership, with its principal place of business in Boca Raton, Florida.

GSA is an unregistered Investment Fund, specializing in investing in properties that are leased to the United States Government.

12.     Defendant Jean Joseph is a principal and manager of Evergreen and GSA, and is the manager of the GSA Fund.  Mr. Joseph is a resident of Florida, with his permanent Florida residence at 3201 South Ocean Boulevard, Apartment 602, Highland Beach, FL 33487.

13.     Giorgio Mariani acted as broker for Evergreen and GSA, and used his personal and business relationship and trust with Berneri to convince Berneri to enter into a business contract with defendant, Jean Joseph.

14.     Admiral Administration (US), LLC ("Admiral") is a Delaware corporation with its principal place of business in Manakin Sabot, Virginia.  Admiral is the designated administrator of the GSA Fund.

15.     Venue is proper in the Southern District of Florida pursuant to 29 U.S.C. 1391(b)(1).

16.     All conditions precedent to the filing of this action have been waived or satisfied.

<u>FACTS GIVING RISE TO THE SUBSTANTIVE ALLEGATIONS</u>

17.     Kolmat do Brasil (Kolmat) has, as its primary business purpose, to construct luxury resorts in attractive parts of Brazil and Central America.

18.     During the year 2013, Kolmat began plans to build a development to be known as the Magia Resort, located in Maceio, Alagoas, Brazil.

19.     In 2013, Kolmat began investigating means of raising the necessary $30,000,000 to complete the project.

20.     In late 2013, defendant Giorgio Mariani approached plaintiff Berneri with an opportunity to secure a loan sufficient to fund the Magia resort, at a reasonable interest rate.

21.     At the time, Berneri had known Mariani for four years and had other business dealings with Mariani.  Defendant Mariani used Mr. Berneri's trust to convince him to negotiate a loan with Joseph.

**The Deposit Agreement**

22.     On January 31, 2014 Kolmat entered into a "Deposit Agreement" with Evergreen and provided a deposit of $70,000 "to cover the initial fees and expenses associated" with a loan.  ("Deposit Agreement" attached hereto as Exhibit A.)  The $70,000 was to be refunded within ten (10) days if the loan was ultimately not approved.

23.     Evergreen demanded the $70,000.00 as an "advance of due diligence fee."

24.     At Evergreen's direction, Plaintiff Berneri personally provided $70,000.00 to the trust account of the Law Office of Henry Johnson, on or about February 10, 25.  (Attached hereto as Exhibit B).

26.     The $70,000.00 was wired from Mr. Johnson's trust account to the GSA account, being held as account number 4129555223 with Wells Fargo Bank.  Mr. Mariani was present when the funds were wired.

**Material Misrepresentations**

27.     On February 26, 2014, Jean Joseph, Manager of Evergreen wrote to Plaintiff Berneri that a loan had been approved.  "At this point, we are in a

5

position where we can confidently move forward with the financing of the project (the Magia Resort)." (Letter from Jean Joseph to Gian Piero Berneri, dated February 26, 2014, attached hereto as Exhibit C).

28.     On April 11, 2014, the parties entered into an "Investment Agreement," (attached hereto as Exhibit D).

29.     According to the executed Investment Agreement, Evergreen agreed to loan Kolmat Do Brazil, LTDA, $30,000,000.00 at 4.5% daily interest rate. (*See* Investment Agreement, item #1.)

30.     According to the executed Investment Agreement, the Borrower agreed to, as a condition precedent for the loan, to invest $3,000,000.00 into units of GSA Income and Development Fund, LP.

31.     This $3,000,000.00 investment was a prerequisite established by Evergreen for the loan of $30,000,000.00 to Kolmat for the construction of the Magia Resort.

32.     Plaintiff Berneri personally provided $3,000,000.00 for this required investment,on behalf of Kolmat Do Brasil.

33.     This investment agreement provides that "(…) If for any reason, other than the borrower's (i.e. Kolmat's default, the Shareholder does not authorize the loan, the initial investment of three million (USD3,000,000.00) dollars shall be returned to the Borrower within five (5) business days."

34.     According to the executed Investment Agreement, once the $3,000,000.00 investment in GSA had been received, $10,000,000.00 would be

released to Kolmat, with monthly allowances thereafter, up to the agreed loan amount of $30,000,000.00.

35.    Jean Joseph on behalf of himself, Evergreen, and GSA, made these statements knowing that they were false in that he had no intention of loaning any money to Plaintiffs or of returning Plaintiff Berneri's initial investment.

## Plaintiffs' Reliance

36.    Pursuant to the "Investment Agreement", on or about April 11, 2014, Plaintiff Berneri tendered two blank $1,000,000.00 checks to Giorgio Marinari, who then made accepted the two checks and made them payable to the GSA operating account (Attached hereto as Exhibit E).   Mr. Berneri made clear on the "memorandum line" that the two checks were being issued to his personal account with GSA.

37.    On or about April 11, 2014, Plaintiff Berneri wired an additional $1,000,000.00 from his personal account to the GSA account (Wells Fargo account number 4129555223.   (Attached hereto as Exhibit F.)   Likewise, Mr. Mariani was present when the wire transfer was made.

38.    In total, Plaintiff Berneri placed $3,000,000.00 into the GSA account as incentive for a loan from Evergreen to move forward with the Magia Resort project.

39.    On May 1, 2014 Admiral Administration (US) LLC, wrote to Plaintiff, acknowledging receipt of the $3,000,000.00, and of the subscription application for value, which was also dated May 1, 2014.  (Attached hereto as Exhibit G.)

40.    No loans or funds of any kind were ever provided to Plaintiffs.

*Defendants' Refusal to Comply*

41.    Because no loan was ever issued, Plaintiff was entitled to a return of his investment within five (5) days, a total breach being effectively the same as a lack of authorization for the loan (*See* Investment Paragraph 27, *supra.*).

42.    On August 7, 2014, Plaintiff wrote to Admiral, the administrator of the GSA Fund, enclosing a written notice of withdrawal to retrieve the $3,000,000.00 deposited on condition of the $30,000,000.00 loan, which was never honored.

43.    In response, on August 11, 2014, Jean Joseph, Manager of Evergreen responded to Alberto Pontonio, acting on behalf of Plaintiff Berneri, advising that Plaintiff needed to send a letter cancelling his subscription rather than a request to withdraw funds.

44.    Plaintiff complied with Defendant's request, and on August 11, 2014, Mr. Joseph advised, in writing, "we will process (your request for cancellation) and inform you via email….."

45.    On August 21, 2014, Mr. Pontonio wrote Mr. Joseph stressing the urgency o5 fulfilling this request.

46.    On August 21, 2014, a fund administrator for Admiral wrote Mr. Pontonio, advising that he "just spoke to Mr. Joseph and he assured me that funds would be deposited to the operating account at any moment."

47.     During a telephone conversation, later that same day, Admiral advised that it was still waiting for the funds to be moved from GSA's brokerage account to GSA's operating account (controlled by Admiral).

48.     Upon information and belief, instead of transferring Plaintiffs money to the GSA Operating Account, the money was instead deposited into a separate account with Wells Fargo (Account No. 1480-6252).

## *Further Evidence of the Scheme to Defraud*

49.     Upon information and belief, these funds never should have been deposited into the GSA brokerage account.

50.     On April 9, 2014, Michael Souders, Fund Administrator for Admiral, wrote Plaintiff Berneri, assuring him that none of three $3,000,000.00 would be used for investment before the signing of the loan documents and/or agreements."

51.     Consistent with this letter, none of the $3,000,000.00 should ever have been transferred to the GSA Fund Account, because no loan documents were ever signed.

52.     No loan or reimbursement has been received as of the date of the filing of this Complaint.

## *Further evidence of Scienter*.

53.     Upon information and belief, Mr. Joseph established a similar investment frm in Luxemburg, which suddenly closed in or about September 2014, when all the directors resigned and all funds withdrawn.  Upon information and belief, there is litigation underway to recover missing funds in that case.

54.     Upon information and belief, GSA investments are presently managed by Interactive Brokers.   Upon information and belief, there is a total of approximately $350,000 in that account.

55.     Upon information and belief, as of September 19, 2014, Interactive Brokers was managing approximately $550,000 on behalf of GSA.

56.     Upon information and belief, the $550,000 held by Interactive Brokers on September 19, 2014 was transferred from Wells Fargo account numbers 121000248 and 4129555223, respectively.   The latter account is the one to which Plaintiff Berneri initially deposited $3,000,000.00.

## COUNT I:  VIOLATION OF § 10(b) OF THE EXCHANGE ACT AND RULE 10b-5 PROMULGATED THEREUNDER

57.     Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-52 above as if set forth herein in full.

58.     Through the foregoing conduct, defendants Jean Joseph, Evergreen, and GSA engaged in manipulation and deceptive conduct in connection with a securities transaction in violation of 15 U.S.C. § 78j(b) and the rules and regulations promulgated thereunder, by pretending to be willing and ready to provide Plaintiffs a $30,000,000.00 loan in exchange for a precedent investment of $3,000,0000.00 investment in GSA.  The loan was further conditioned upon a pre-approval $70,000.00 deposit.

59.  The object and effect of defendants' actions were to obtain $3,070,000.00 from Plaintiffs with no intention of issuing a loan or of returning Plaintiffs' investment.

60.     In reliance on the foregoing misrepresentations by defendants, plaintiff Berneri deposited an initial $70,000.00 into defendants' GSA operating account, and personally invested $3,000,000.00 in Evergreen's GSA fund.  None of these funds have ever been returned to Plaintiff Berneri despite repeated requests.

61.     As a direct and proximate result of defendants' unlawful conduct as aforesaid, plaintiffs were damaged.

62.     In addition to the loss of Mr. Berneri's $3,070,000.00, Plaintiff Kolmat has suffered damage to its business reputation in Brazil and the United States, has been forced to default on contracts entered into with certain companies involved in the construction of Magia, and has been unable to proceed with the construction of the resort.

## COUNT II: BREACH OF CONTRACT
### (Pled in the Alternative)

63.     Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-52 above as if set forth herein in full.

64.     The elements of a claim for breach of contract are well settled.  "To establish a breach of contract, a party must show the existence of a contract, a breach thereof, and damages." *AIB Mortgage Co. v. Sweeney,* 687 So.2d 68, 69 (Fla. 3rd DCA 1997).

65.     All three elements are satisfied in this case.  1) The parties entered into an agreement, *see* "Investment Agreement," attached hereto as Exhibit D).  2) Defendants failed to perform their express duties under that agreement (*i.e.* their promise to loan Plaintiff $30,000,000) for the construction of Magia Resort (*See*

Investment Agreement, paragraph number 1); and their failure to return Plaintiffs' initial $3,000,000 collateralized investment, as provided for in the Investment Agreement, paragraph, number 6.

66.    As a result of Defendants' breach of the express agreement, Plaintiff, Berneri has lost $3,000,000 plus interest, as well as the $70,000 refundable deposit issued in anticipation of the loan.   Additionally, Plaintiffs have been unable to begin construction of Magia Resort, and have suffered damage to their business reputation within their community.

### COUNT III.  BREACH OF FIDUCIARY DUTY
### (Pled in the Alternative)

67.    Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-52 above as if set forth herein in full.

68.    As director and/or officer of Evergreen and GSA, defendant Joseph owed fiduciary duties of care, loyalty and good faith to the Company's shareholders, including Plaintiffs.  Joesph's fiduciary duties include obligations to exercise good business judgment, to act prudently in the operation of the Company's business, to discharge actions in good faith, to act in the best interests of the Company and its shareholders, and to put the Company's interest before his own.

69.    Defendants, Joseph, Evergreen and GSA breached their fiduciary duties of loyalty and good faith by, among other things, refusing to refund Plaintiff Berneri's investment upon cancellation and request.

70.    Defendants breached their duties of loyalty and good faith by, among other things, intentionally violating federal securities laws by making material

misrepresentations, knowing those statements to be false, and with the sole purpose of convincing Plaintiffs to invest $3,000,000.00 in their companies.

71.     Plaintiffs have been damaged by the Defendants' breach of their fiduciary duties

## COUNT IV: FRAUD IN THE INDUCEMENT
### (Pled in the Alternative)

72.     Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-52 above, as if set forth herein in full.

73.     On February 26, 2014, Jean Joseph, manager of Evergreen, wrote to Plaintiffs stating that Evergreen was prepared to "confidently move forward with the financing of the project" (Magia Resort).

74.     Relying on Mr. Joseph's assurances that a loan would be tendered to Plaintiffs, Plaintiffs entered into an "Investment Agreement" with the defendants (*See*, Exhibit D)
$30,000,000.00 loan, with an initial loan amount of $10,000,000.00.

75.     The contract also called for Plaintiff to invest $3,000,000.00 into the GSA fund, as collateral for the loan.

76.     Relying on statements made by Mr. Joseph that $10,000,000.00 would be released upon the receipt of the $3,000,000.00 investment in GSA, Plaintiff gave Defendant the $3,000,000.00, to be invested in Defendants' investment fund.

77.     Mr. Joseph made statements and promises and entered into an executed agreement, with no intention of fulfilling his obligations under the contract.

78.     Mr. Joseph offered to loan Plaintiff $30,000,000.00 in exchange for a $3,000,000.00 investment in Mr. Joseph's investment fund, having no intention

of issuing a loan to Kolmat, or of returning Mr. Berneri's collateralized investment.

79.     Mr. Joseph offered the loan to Kolmat and made assurances to Mr. Berneri with the intent to defraud Plaintiff of $3,000,000.00, having no intention of returning Plaintiff his money.

80.     Defendant, Jean Joseph, fraudulently induced Plaintiff into giving Defendants $3,000,000.00, and are liable for damages for losses that Plaintiff incurred as a result of this fraud. *Biscayne Investment Group, Ltd. v. Guarantee Management Services, Inc.* 903 So.2d 251, 255 (Fla. 3d DCA 2005).

81.     Plaintiff has been injured as a result of Defendant's fraud.

## COUNT V:  FRAUDULENT MISREPRESENTATION
### (Pled in the Alternative)

82.     Plaintiffs reallege and incorporate the allegation set forth in paragraphs 1-520above as if set forth herein in full.

83.     In July 2013, Defendants told Plaintiffs that, if they invested $3,000,000.00 into the GSA Investment Fund, that Defendants would then issue a $30,000,000.00 loan to Plaintiffs to fund the construction of Magia Resort, a real estate venture.

84.     Defendant, Jean Joseph, made these statements knowing that they were false, having no intention of fulfilling his promise.

85.     Defendant, Jean Joseph, made these statements with the intent to defraud Plaintiffs of $3,000,000.00, and the $70,000 deposit issued in anticipation of the loan, which Joseph had no intention of returning.

86.     Defendant, Jean Joseph, on behalf of himself, Evergreen and GSA, made

14

fraudulently misrepresentations to Plaintiffs to convince them to give them $3,000,000.00, and are liable for damages for losses that Plaintiffs incurred as a result of that fraud.

87.     Plaintiffs relied upon Mr. Joseph's misrepresentations, provided Defendants a $70,000 refundable deposit and $3,000,000.00 to secure the loan, and from Evergreen, and entered into construction contracts in anticipation of receiving the $30,000,000.00 loan from Evergreen

88.     Plaintiff has been injured as a result of Defendant, Jean Joseph's fraud.

## COUNT VI:     CONSPIRACY TO COMMIT FRAUD
### (Pled in the Alernative

89.     Defendants Joseph and Mariani agreed to work together to induce plaintiff Berneri to invest $3,000,000.00 into the GSA Fund in return for a $30,000,000.00 loan from Evergreen.

90.     Defendants had no intention of ever fulfilling their promises to issue a $30,000,000.00 loan to plaintiffs.

91.     In furtherance of this conspiracy, defendant Mariani introduced plaintiff to Joseph and then pressured plaintiff to proceed with the investment, promising that Kolmat would receive the loan needed to complete the Magia project.

92.     Joseph and Mariani made these statements knowing them to be false, having no intention of fulfilling their promises.

93.     Defendants Joseph and Mariani, made these statements and promises with the intent to defraud plaintiff of $3,070,000.00.

94.     Plaintiff has been injured as a result of Defendant's fraud.

95.     Defendants, Joseph and Mariani devised a scheme to defraud plaintiff of

3,070,000.00, and are liable for damages for losses that plaintiffs incurred as a result of this fraudulent conspiracy.

## COUNT VI: RESCISSION AND RESTITUTION
### (Pled in the Alternative)

96.     Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-50 above as if set forth herein in full.

97.     Despite repeated requests for withdrawal, cancellation, and a return of Plaintiff Berneri's initial investment of $3,000,000.00, Defendants have refused to return any of Plaintiffs' funds.

98.     Plaintiffs are unsure where the initial $3,000,000.00 investment is currently deposited.

99.     Plaintiffs seek rescission of the Investment Agreement as a result of Defendants' failure to comply with the Agreement, and Defendants' refusal to return Plaintiffs' initial investment.

100.    Plaintiffs have no remedy at law and will suffer irreparable harm if the Investment Agreement is not rescinded and their invested funds returned to them.

WHEREFORE, under all Counts alleged above, Plaintiffs request (1) a jury trial on all issues triable, and (2) judgment against Defendant for (a) compensatory damages for all losses described above; (b) all recoverable costs of this action; (c) all legally recoverable interest; (d) equitable relief; (e) injunctive relief; (f) declaratory relief; and, (g) and other relief to which

the Plaintiffs may be legally or equitably entitled. Plaintiffs hereby reserve the right to amend this Complaint to seek punitive damages.

Filed this ___ day of October, 2014.

Respectfully Submitted,

Kenneth C. Terrell, Esq.
Florida Bar No.: 542776
Of Counsel
Kravitz & Guerra, P.A.
800 Brickell Avenue, Suite 701
Miami, Florida 33131
(305) 372-0222
(305) 372-0400 (fax)

## **VERIFICATION**

Under penalty of perjury under the laws of the United States of America and the
State of Florida, I declare that I have read the foregoing, and that the facts alleged therein
are true and correct to the best of my knowledge and belief. I understand that a false
statement in this Verification will subject me to penalties of perjury.

Gian Piero Berneri
Kolmat do Brasil LTDA
Rua Claudio Ramos, 309 Edificio Palazzo
Ducale, apt 801, Ponta Verde, Maceió -
Alagoas Brasil

Sworn to and signed before me on: 10/21/14
Personally known to me.

Dated this 21st day of October, 2014

)

)

My commission expires. 01 /27/ 2017

CAMILLA D. PEREIR
NOTARY PUBLIC
STATE OF FLORID,
Comm# EE86874
Expires 1/27/201/

# EXHIBIT A



**EVERGREEN**
UNITED INVESTMENTS, LLC

1515 N. Federal Hwy, Suite 300
Boca Raton, FL 33432
Tel : 561.807.7191
www.evergreenui.com

# Deposit Agreement

This Deposit Agreement is entered into as of January 31, 2014 by and between Evergreen United Investment LLC (the "Investor Bank Representative") and Mr. Gianpiero Berneri and Mr. Claudio Conti of **Kolmat Do Brazil LTDA** (the "Borrower") for the financing of **Magia Resort-Alagoas.**

**RECITALS**

**WHEREAS,** Borrower agrees to deposit $70,000.00 with the Investor Bank Representative; and, the Parties executing this agreement are duly authorized on behalf of their respective entities to enter into this agreement.

**NOW THEREFORE,** in consideration of the above recitals and the mutual promises and benefits contained herein, the Parties hereby agree as follows:

Borrower shall wire a refundable deposit of seventy thousand US dollars ($70,000.00) to the escrow account of the Investor Bank Representative's Attorney to cover the initial fees and expenses associated with the loan. This deposit is considered as a down payment toward the initial 1% required for processing the loan. If for any reason, other than the Borrower's default, the Lender Representative does not approve the loan, all fees and deposit shall be returned to the Borrower within ten (10) business days of the non approval notice, minus expenses.

Terms accepted by:

EVERGREEN UNITED INVESTMENTS, LLC
Investor Bank Representative

Signed By: _____     Date: 01 - 31 - 2014

Print : _____

Acknowledge by:

**KOLMAT DO BRAZIL LTDA**
Borrower(s):

Signed By: _____     Date: 03 - 03 - 2014

Print : GIAN PIERO BERNERI

1

# EXHIBIT B

LAW OFFICES OF
# KRAVITZ & GUERRA, PA
IMMIGRATION * REAL ESTATE * INTERNATIONAL LAW
* 800 BRICKELL AVENUE, SUITE 701 - MIAMI, FLORIDA 33131 *
TEL.: (305) 372-0222–   FAX: (305) 372-0400
attorney@kravitzlaw.com
www.kravitzlaw.com

## REQUEST AND AUTHORIZATION FOR RELEASE OF FUNDS

**Date of request: 02/07/14**

I, Gian Piero Berneri, authorize the Law Office of Kravitz & Guerra, P.A to release the total amount of USD 70,000.00 being held in WELLS FARGO TRUST BANK account to be transferred to Evergreen United Investments, LLC.

**IN WITNESS WHEREOF, the undersigned has executed this instrument on the 7TH day of**

**February, 2014.**

X_____

Print Name: GIAN PIERO BERNERI

THIS DOCUMENT HAS A COLORED... GROUND AND MICROPRINTING. THE REVERSE SIDE INC... AS AN ARTIFICIAL WATERMARK



**Law Offices of Kravitz & Guerra, P.A.**
**Trust Account**
800 Brickell Ave., Suite 701
Miami, FL 33131
(305) 372-0222

Wachovia Bank N.A.

**3110**

DATE 2/10/2014

PAY TO THE
ORDER OF   Law Office Henry W. Johnson

$ **70,000.00

Seventy Thousand and 00/100************************************************** DOLLARS

Law Office Henry W, Johnson

MEMO

Advance of Due Diligence Fee to Evergreen United Inv.

⑈003110⑈ ⑆067006432⑆ 209000181 9693⑈

---

Law Offices of Kravitz & Guerra, P.A.                                      3110

Law Office Henry W. Johnson
                          2/10/2014
                    Advance of Due Diligence Fee to Evergreen United Inv.          70,000.00

## Law Office Henry W. Johnson

## General  IOTA Account

## Account No. 1000152811666

Wells Fargo #9693 (Tr   Advance of Due Diligence Fee to Evergreen Unit          70,000.00

**Law Offices of Kravitz & Guerra, P.A.**

Law Office Henry W. Johnson                                            3110
                          2/10/2014
                    Advance of Due Diligence Fee to Evergreen United Inv.          70,000.00

 **SUNTRUST**

*Thank you for banking with SunTrust*
For Account Information call 800.SunTrust (800.786.8787)

```
120       CHECK DEPOSIT        *
XXXXXXXX1666      Bus. Date 10Feb.2014 AM
    36
34018904 180914 2      70,000.00 TOTAL
Transaction Date: 10Feb.2014  11:31:56
```

Wells !

VersaCheck Form   101829 (5/07)      This is your receipt showing bank, date, time, type of account and amount.        70,000.00
                    All deposits are credited to your account subject to verification and final payment.              www.versacheck.com

EXHIBIT C



EVERGREEN
UNITED INVESTMENTS, LLC

1515 N. Federal Hwy, Suite 300
Boca Raton, FL 33432
Tel : 561.807.7191
www.evergreenui.com

Evergreen United Investments, LLC
1515 N. Federal Hwy, Suite 300
Boca Raton, FL 33432
February 26, 2014

Gian Piero Berneri
President and CEO
Havengrid Group
Av. Alvaro Calheiros, 1120, Mangabeiras
CEP: 57037-020, Maceio, Alagoas

Dear Mr. Gian Piero Berneri:

Enclosed is the Summary and Findings Report from Evergreen United Investment, LLC's Due Diligence team after their recent visit to the property site for Magia Maceio, Eco Hotel Suite Resort in Maceio, Brazil.  Based on all reports and primary findings, we are in the position to state that the project is feasible and fundable.  At this point, we are in a position where we can confidently move forward with the financing of the project. Included is a timeline for the funding.  A comprehensive report with detailed recommendations will be provided to you and all parties in the following weeks. For additional information or any questions, please feel free to contact our office at Evergreen United Investments, LLC.

Sincerely,

Jean Joseph, Manager

EXHIBIT D



1515 N. Federal Hwy, Suite 300
Boca Raton, FL 33432
Tel : 561.807.7191
www.evergreenui.com

## INVESTMENT AGREEMENT

This Investment Agreement (the "Agreement") is entered into as of
04 - 11 - , 2014, by and between EVERGREEN UNITED INVESTMENTS, LLC,
(hereafter referred to as "Shareholder Representative") and KOLMAT DO BRAZIL
LTDA (hereafter referred to as "Borrower").

### RECITALS

WHEREAS, Evergreen United Investments, LLC is serving as a financial
facilitator to provide access to capital to KOLMAT DO BRAZIL LTDA ("Borrower")
for the purpose of construction, purchase, enhancing and reselling Real-Estate properties
as well as for International Business Development (including financial & commercial
activities performed by sister/daughter/partner companies of Borrower, under its full
responsibility).

WHEREAS, KOLMAT DO BRAZIL LTDA is looking to raise capital to fund
Magia Resort-Alagoas Maceio ("The Project").

WHEREAS, Evergreen United Investments, LLC, acting as Shareholder
Representative, will make a loan to Borrower for thirty million dollars ($30,000,000.00).

WHEREAS, in order to invest in The Project, Shareholder Representative is
prepared to make a loan to Borrower, structured as an investment on the terms and
conditions specified in this Agreement.

NOW THEREFORE, the parties hereto agree as follows:

1. **1. Investment and Repayment Terms.** Shareholder Representative agrees to
lend the principal sum of thirty million dollars ($30,000,000.00) at a fixed interest
rate of 4.5% per annum. Interest shall be calculated on a 360-day year consisting
of twelve (12) thirty day (30-day) months and shall be payable monthly.  The
principal balance of the Investment shall be due and payable within five (5) years
from the date of the initial disbursement. During the first 2 years, monthly
payments of interest payments only. During the last 3 years, monthly payments of
interest plus principal. The Loan shall be secured by a first mortgage on the
Property. The repayment shall commence sixty (60) days after the start date of the
initial investment. At the end of the five (5) years, Shareholder is not obligated to
extend the Investment's maturity date. The repayment shall be made in US dollars
unless otherwise indicated by the Shareholder.  Prepayment of the loan shall be
permitted with Shareholder, or its assigns, having received at least 3 months
interest plus customary costs, if any. At closing, a 9 months interest reserve and if

Lender Representative signatory initials

Borrowers signatories initials

1



**EVERGREEN**
UNITED INVESTMENTS, LLC

1515 N. Federal Hwy, Suite 300
Boca Raton, FL 33432
Tel : 561.807.7191
www.evergreenui.com

necessary a real estate tax escrow account shall be established with the Shareholder Representative.

**2. Purpose and Use of Proceeds.** Borrower shall use the proceeds of the Loan to build a Real Estate project in Brazil. So long as any part of the Investment remains outstanding, Borrower shall furnish Shareholder Representative a monthly report of investment activity, in such detail as Shareholder Representative may from time to time reasonably request.

**3. Conditions.** The Investment shall be subject to the following conditions:
a) Borrower shall deliver to Shareholder Representative a copy of its Articles of Incorporation and a copy of its tax number (or Registration Certificate dated less than one year) confirming that Borrower is in good standing with local authorities.
b) Borrower shall execute and deliver this Agreement and shall provide Shareholder Representative satisfactory evidence that the investment and this Agreement have been properly authorized by its board of directors.
c) Borrower shall share with Shareholder Representative five percent (5%) of the gross profit of the project.
d) Borrower shall execute a loan agreement and shall provide to Shareholder Representative collaterals or other suitable guarantees, for each disbursement received, subject to Shareholder Representative approval. The loan shall not exceed 75% of the appraised value of the Property, net of all prior encumbrances.
e) BA Capital Funding LLC, Shareholder or assigns, shall be entitled to equity interest of 5% in the Company which will be under usual and customary anti-dilution protection.
f) The Shareholder Representative's fee shall be two percent (2%) of total the loan amount payable at closing. By signing this proposal, Borrower agrees that Shareholder Representative will incur cost towards 3rd party expenses such as attorney fee, underwriting fees which include but are not limited to appraisal, engineering and environmental fees, and other out of pocket costs in connection with this Loan. Those costs will be charged to Borrower at closing.

**4. Acceleration of Maturity.** Notwithstanding any other provision of this Agreement, Shareholder Representative may accelerate the maturity of the Investment, and the entire balance of principal and interest shall become immediately due and payable only if Borrower ceases its normal business operations. For the purposes of this Agreement, Borrower ceases its normal business operations if it changes its lines of business, uses the proceeds of the Investment for a purpose other than that specified in Section 2 of this Agreement and the other purpose does not serve the initial business objective, files a bankruptcy petition or takes similar action, is liquidated, dissolved, or makes an assignment for the benefit of creditors, or fails to maintain its status as a business in good standing, as may be amended from time to time.

Lender Representative signatory initials

Borrowers signatories initials

2





**EVERGREEN**
UNITED INVESTMENTS, LLC

1515 N. Federal Hwy, Suite 300
Boca Raton, FL 33432
Tel : 561.807.7191
www.evergreenui.com

### 5. Funds Release Schedule.

The Shareholder Representative and Borrower agreed on a multi-tranches funds release schedule:

a) A first draw down of up to ten million dollars ($10,000,000). Then monthly disbursement will be paid on invoice, exact amounts are to be determined, until the project is completed.

b) The loan is to be fully guaranteed by Borrower and secured by, either Real-Estate project and/or assets to be purchased and/or capital-secured investment portfolios. It is agreed that the first draw down may be considered to be fully guaranteed by the pledging of Borrower first collateral in favor of Shareholder, as described in Article 6.

Specifically regarding Real-Estate transactions, the parties agree that all disbursements shall be paid by Shareholder or assigns on the basis of suppliers'/contractors' invoices.

### 6. First collateral in favor of Shareholder.

The parties agreed that Borrower shall invest the sum of three million US dollars ($3,000,000.00) to acquire units of "GSA Income and Development Fund, L.P." (hereafter referred to as "Fund") and then pledge its Units in favor of the Shareholder, for a period covering the whole duration of this loan, and any extension period if applicable. The loan shall be repaid in full within five (5) years from the first disbursement. If for any reason, other than the Borrower's default, the Shareholder Representative does not authorize the loan, the initial investment of $3 million shall be returned to the Borrower within five (5) business days.

For that purpose, the investment amount shall be wired to the Wells Fargo bank account. See Exhibit A:

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date specified above.

ACCEPTED AND AGREED
Borrowers

Signed By: _____          Date: 04 – 11 – 14

Title : PRESIDENT

Signed By: _____          Date: _____

Title : _____

Lender Representative signatory initials

Borrowers signatories initials

3



1515 N. Federal Hwy, Suite 300
Boca Raton, FL 33432
Tel : 561.807.7191
www.evergreenui.com

EVERGREEN UNITED INVESTMENTS, LLC
Shareholder Representative

Signed By: _____         Date: _04 / 11 / 14_

Signed By: _____         Date: _____

EXHIBIT E

*Bank of America Advantage*

GIAN PIERO BERNERI

176

53-27/631 FL
998

04/11/14  Date

Pay to the order of  G SA INCOME AND DEVELOPMENT FUND LP  $ 1,000,000.00

ONE MILLION AND 00/100 _____  Dollars

Bank of America

ACH R/T 063100277

Memo FOR ACCOUNT GIANPIERO BERNERI

⑈063100277⑈ 229045139199⑈0176

---

*Bank of America Advantage*

GIAN PIERO BERNERI

177

53-27/631 FL
998

04/11/14  Date

Pay to the order of  GSA INCOME AND DEVELOPMENT FUND LP  $ 1,000,000.00

ONE MILLION AND 00/100 _____  Dollars

Bank of America

ACH R/T 063100277

Memo FOR ACCOUNT GIANPIERO BERNERI

⑈063100277⑈ 229045139199⑈0177

EXHIBIT F



**Bank of America**

**Funds Transfer Request Authorization (FTRA)**

## Customer Information

| | |
|---|---|
| Name: | GIAN BERNERI |
| Phone: | (829)913-5807 |

Address: C/O ANTONIO ROCA
2601 S BAYSHORE DR STE 725
MIAMI
FL 331335419 US

## Account Information

| | |
|---|---|
| Account: | PER_9199 |
| Account Title: | GIAN PIERO BERNERI |

Requestor Name:

## Wire Information

| | |
|---|---|
| Wire Type: | DOMESTIC |
| Country: | US |
| Currency of Recipient Account: | USD |

Wire Date: 04/11/2014
Wire Amount (USD): 1,000,000.00

Wire Fee: 25.00

| | |
|---|---|
| Source: | IN PERSON |
| ID Verification ID Type: | FOREIGN PASSPORT WITH OR WITHOUT PA |
| ID Type: | BANK OF AMERICA DEBIT CARD, ATM CAR |

## Recipient Information

| | |
|---|---|
| Recipient Name: | GSA INCOME AND DEVELOPMENT FUND L.P |
| Account Number Type: | ACCOUNT NUMBER |
| Account Number: | 4129555223 |
| Address: | US |

Bank Name: WELLS FARGO BANK NATIONAL ASSOCIATION

Bank ID: 121000248

Address: 1000 LOUISIANA ST. 9TH FL
HOUSTON
TX 77002 US

Information about payment:

| | |
|---|---|
| Purpose of Payment: | OTHER |

Additional Phone Advice:

| | |
|---|---|
| Additional Reference Informations: | INVESTMENT IN A FUND |

Additional Bank Instructions: FOR ACCOUNT OF GIAN PIERO BERNERI

## Customer Approval

I authorize Bank of America to transfer my funds as set forth in the instructions herein (including debiting my account if applicable), and agree that such transfer of funds is subject to the Bank of America standard transfer agreement (see disclosure pages of this form) and applicable fees. If this is a foreign currency wire transfer, I accept the conversion rate provided by Bank of America at the time the wire is sent.

If a Consumer international wire: Due to International Remittance Transfer disclosure requirements, customers must remain in the banking center until customer is provided the Remittance Transfer Receipt (RTR). If customer leaves prior to receiving RTR, the international remittance transfer will be cancelled.

Customer Signature _____

Date of Request _____/_____/_____

## For Bank Use Only: Wire Initiation/Banking Center Information

| Banking Center Name | LINCOLN ROAD | | |
|---|---|---|---|
| Company # / Cost Center #: | 00075 0006506 | Date: | April 11, 2014 |
| Initiating Associate Name: | BENAVIDES, MABEL | Phone #: | 305-695-7260 |
| Indicate Method of Signature Verification (if applicable): | | Remittance ID #: | K673FCWNF |
| | Sig Card | Bus. Resolution | Posted Check # |

EXHIBIT G



A Maitland Company

Admiral Administration (US) LLC
62 Broad Street Rd
Manakin-Sabot, Virginia 23103
United States
T: 1 804 578 4540
F: 1 804 784 0253
www.admiraladmin.com

**Fund Administration Contact**

Contact: Michael Souders
Direct Phone: 1 804 578 2163
Email: Michael.Souders@AdmiralUS.com

Sept 30, 2011

Via Email

To:    Gian Berneri

gian@havengrid.com.br

Cc:    Ms. Simone Berneri, e: simo@havengrid.com.br

Mr. Jean Joseph, e: jean@evergreeui.com

Re:    **GSA Income and Development Fund, L.P. (Partner Gian Berneri)**

May 1, 2014 subscription by Gian Berneri

Transaction #: 63370-182292 S

We acknowledge receipt of $3,000,000.00 for the above noted fund along with the subscription application for value date May 1, 2014. Please be advised that internal due diligence procedures will be performed before final acceptance of the subscription. Once the procedures have been completed,  a contract note will be sent as formal acceptance of the subscription.

Please do not hesitate to contact us should you have any questions.

Yours faithfully,

Admiral Administration Ltd
On behalf of
GSA Income and Development Fund, L.P.

SubLtr